Anne Marie Tavella, AK Bar No. 1506045
DAVIS WRIGHT TREMAINE LLP
188 West Northern Lights Blvd., Suite 1100
Anchorage, AK 99503
Phone:  (907) 257-5300
annemarietavella@dwt.com

Matt Mues, (*pro hac vice forthcoming*)
DAVIS WRIGHT TREMAINE LLP
560 SW Tenth Avenue, Suite 700
Portland, OR 97205
Phone: (503) 778-5244
mattmues@dwt.com

Michael E. Farnell, (*pro hac vice forthcoming*)
Paternoster Farnell & Grein, LLP
1030 SW Morrison ST.
Portland, OR 97205
Phone: (503) 222-1812
mfarnell@pfglaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| NATIVES OF KODIAK, INCORPORATED; KOMAN HOLDINGS, LLC; KOMAN CONSTRUCTION, LLC; KOMAN ADVANTAGE, LLC; AND STORMWATER PLANS, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>EVANSTON INSURANCE COMPANY; and MARKEL SERVICE, INCORPORATED,<br><br>Defendants. | Case No. |

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 1 of 19

# COMPLAINT

Plaintiffs, Natives of Kodiak, Inc., Koman Holdings, LLC, Koman Construction, LLC, Koman Advantage, LLC, and Stormwater Plans, LLC (together, the "NOK Insureds"), by and through the undersigned counsel, complain of Defendants Evanston Insurance Company ("Evanston") and Markel Service, Incorporated ("Markel") (together, the "Insurer") as follows.

1. This is an insurance coverage dispute involving Evanston's breach of its legal, fiduciary, and contractual duties to indemnify the NOK Insureds, and the Insurer's breach of the covenant of good faith and fair dealing, arising out of a federal action, *United States of America ex rel. Angela Gomez and Christopher Hicks v. Koman Construction, LLC, et al.*, Case No. 3:20-CV-00252-KC, in the United States District Court for the Western District of Texas, El Paso Division (the "Underlying Action").

## THE PARTIES

2. Plaintiff Natives of Kodiak, Incorporated ("NOK") is an Alaska corporation with its entity physical address in Anchorage, Alaska.

3. Plaintiff Koman Holdings, LLC ("Koman Holdings") is an Alaska limited liability company with its entity physical address in Anchorage, Alaska. Koman Holdings' sole member is NOK, an Alaska corporation.

4. Plaintiff Koman Construction, LLC ("Koman Construction") is an Alaska limited liability company with its entity physical address in Anchorage, Alaska. Koman

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 2 of 19

Case 3:26-cv-00291-ACP    Document 1    Filed 08/12/26    Page 2 of 19

Construction's sole member is Koman Holdings, an Alaska limited liability company, solely owned by NOK, an Alaska corporation.

5. Plaintiff Koman Advantage, LLC ("Koman Advantage") is an Alaska limited liability company with its entity physical address in Anchorage, Alaska. Koman Advantage's sole member is Koman Holdings, an Alaska limited liability company, solely owned by NOK, an Alaska corporation.

6. Plaintiff Stormwater Plans, LLC (d/b/a SWP Contracting & Paving) ("Stormwater") is an Arizona limited liability company with its entity physical address in Glendale, Arizona. Stormwater's sole member is Koman Holdings, an Alaska limited liability company, solely owned by NOK, an Alaska corporation.

7. Koman Holdings, Koman Construction, Koman Advantage, and Stormwater are each an "Insured" under the policies that are the subject of this Complaint pursuant to the Schedule of Named Insureds and the Broad Named Insured – Alaska Native Corporation endorsement, and each is qualified in all respects to bring this action.

8. Defendant Evanston Insurance Company ("Evanston") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Rosemont, Illinois. Upon information and belief, Evanston is authorized to do business in the State of Alaska as a surplus lines insurer and issued the policies that are the subject of this Complaint, under the MARKEL® brand to NOK, as the "Named Insured," and to the NOK Insureds.

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 3 of 19

Case 3:26-cv-00291-ACP    Document 1    Filed 08/12/26    Page 3 of 19

9.     Defendant Markel Service, Incorporated ("Markel") is a Virginia corporation registered to do business as a foreign corporation in Alaska with its principal place of business in Glen Allen, Virginia. Markel is a claim service manager for Evanston and administered the claim on Evanston's behalf.

## JURISDICTION AND VENUE

10.     This action is for (i) breach of contract – duty to indemnify, (ii) declaratory relief under 28 U.S.C. § 2201, and (iii) breach of the covenant of good faith and fair dealing - bad faith, together with such further relief as may be required under 28 U.S.C. § 2202 and as the Court deems appropriate, just, or equitable

11.     This court has subject matter jurisdiction under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. For purposes of jurisdiction, Plaintiffs NOK, Koman Holdings, Koman Construction, Koman Advantage, and Stormwater are citizens of the State of Alaska. Evanston is a citizen of the State of Illinois, and Markel is a citizen of the Commonwealth of Virginia. Complete diversity therefore exists.

12.     In accordance with 28 U.S.C. § 1391(b)(2) venue in this district is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in this District.

13.     This Court additionally has jurisdiction over Evanston, and this forum is proper, by virtue of the Service of Suit endorsements in the policies at issue in this suit. Each endorsement provides that, in the event of Evanston's failure to pay any amount

COMPLAINT                                                                 Page 4 of 19
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Case 3:26-cv-00291-ACP     Document 1     Filed 08/12/26     Page 4 of 19

claimed to be due under the policies, Evanston, at the request of NOK, "will submit to the jurisdiction of a court of competent jurisdiction within the United States and will comply with all requirements necessary to give such court jurisdiction."

14. An actual, present, and justiciable controversy exists, and the NOK Insureds' claims are ripe, because the Underlying Action has been resolved, or is being resolved, by a settlement that fixes the NOK Insureds' covered loss and gives rise to Evanston's obligation to indemnify. Evanston has disclaimed that obligation.

## THE POLICIES

15. Evanston issued to NOK, as Named Insured, two primary insurance policy packages and an excess policy for the March 1, 2023 to March 1, 2024 policy period that are at issue in this action: (i) a primary Environmental Common Policy providing Commercial General Liability, Contractor's Pollution Liability, and Professional Liability coverage (Policy No. MKLV5ENV104038); (ii) a primary For Profit Management Liability Policy providing, in relevant part, two applicable coverage parts, (a) Directors and Officers and Company Liability ("D&O") coverage and (b) Employment Practices and Third Party Discrimination Liability ("Employment") coverage (Policy No. MKLV5MML000615); and (iii) a Commercial Excess Liability Policy (Policy No. MKLV5EUL104824) (collectively, the "Policies"). On information and belief, the Policies include a Regulatory Endorsement that modified the D&O and Employment coverage parts.

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 5 of 19

16. The Environmental Common Policy's Professional Liability Coverage Form (Form No. MEEI 0009 11 17) carries a $1,000,000 Each Claim limit and a $2,000,000 Aggregate limit, and provides that Evanston "will pay those sums that the insured becomes legally obligated to pay as 'damages' that result from an act, error or omission in the rendering of or failure to render 'professional services' for others." The Environmental Policy's Amended Professional Services Definition endorsement (Form No. MEEI 2519-A 11 17) defines "professional services" to include functions performed for others for a fee related to NOK's practice as a "consultant, engineer, architect, surveyor, laboratory, project or construction manager," together with "All professional services where required by written contract." The NOK Insureds' project and construction management functions in connection with the government contracts at issue in the Underlying Action constitute "professional services" within the meaning of the Environmental Policy.

17. The For Profit Management Liability Policy (Policy No. MKLV5MML000615) includes, as relevant here, the D&O Coverage Part and the Employment Practices and Third Party Discrimination Liability Coverage Part, each carrying a $1,000,000 limit. The Declarations provide that the D&O and Employment coverage parts do not share a single aggregate limit.

18. The Regulatory Endorsement to the Management Liability Policy carries a $1,000,000 Sublimit and modifies the D&O and Employment coverage parts. Among other things, it deletes and replaces the professional-services exclusion so that the

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 6 of 19

Case 3:26-cv-00291-ACP    Document 1    Filed 08/12/26    Page 6 of 19

exclusion "shall not apply to any **Claim** or that portion of any **Claim**, made against any **Insured** for an actual or alleged violation of the False Claims Act (31 U.S.C. §§ 3729–3733), any amendment thereto or any similar or related federal or state statute..." (Bolded emphasis in original).

19. Evanston also issued a Commercial Excess Liability Policy (Policy No. MKLV5EUL104824) with a $5,000,000 limit, which provides coverage in excess of, and follows the form of, the applicable underlying insurance.

20. The NOK Insureds paid all premiums due under the Policies and performed all conditions precedent to coverage, or such conditions were waived or excused.

## THE UNDERLYING ACTION AND COVERED EXPOSURE

21. The Underlying Action is not, and has never been, solely a False Claims Act case. It is a *qui tam* action brought by relators Angela Gomez and Christopher Hicks, former employees of Koman Construction, that evolved through three successive pleadings: the Original Complaint (filed October 1, 2020), the First Amended Complaint (filed October 9, 2024), and the operative Second Amended Complaint (filed on or about May 18, 2026). Throughout that evolution, the relators have asserted two distinct categories of wrongdoing against the NOK Insureds: (i) alleged violations of the federal False Claims Act, 31 U.S.C. §§ 3729–3733, and the Anti-Kickback statutes; and (ii) alleged retaliation and other employment-related wrongdoing against the relators, which were pleaded as separate causes of action seeking separate relief on the relators' own behalf.

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 7 of 19

Case 3:26-cv-00291-ACP    Document 1    Filed 08/12/26    Page 7 of 19

22.     Although the court dismissed the standalone retaliation cause of action on August 22, 2025, the relators continued to include retaliation allegations against the NOK Insureds in the operative Second Amended Complaint. The Insurer itself has repeatedly acknowledged that these retaliation allegations trigger the Employment Practices coverage part, both in its October 29, 2024 Coverage Determination and again in its October 13, 2025 Supplemental Coverage Determination, after the dismissal.

23.     Viewed from a coverage standpoint, the allegations of the Underlying Action fall within three coverage parts of the Policies, as the Insurer's own "reservation of rights" letters and communications confirm. First, the allegations of False Claims Act and Anti-Kickback violations meet the definition of a "Wrongful Act" and trigger the D&O coverage part, as the Insurer expressly determined in its October 29, 2024 letter. Second, the retaliation allegations constitute a "Wrongful Employment Practice" and trigger the Employment Practices coverage part, again, as the Insurer expressly determined. Third, the allegations concerning the NOK Insureds' project and construction management functions, including their alleged 8(a) small-business status, subcontracting and bidding practices, arise from the rendering of or failure to render "professional services" within the Professional Liability coverage part of the Environmental Policy, and, as to any False Claims Act violation, the Regulatory Endorsement affirmatively affords coverage under the Management Liability Policy.

24.     For context, because the Underlying Action implicated Wrongful Acts and Wrongful Employment Practices separate and apart from, and in addition to, any

professional-services conduct relating to an alleged False Claims Act violation, the covered exposure is not confined to the $1,000,000 Regulatory Endorsement Sublimit but extends to the combined limits of the two triggered Management Liability coverage parts, as well as the Professional Liability coverage part of the Environmental Policy and the Excess Policy.

25. The Underlying Action is being resolved by settlement. The settlement constitutes covered "Loss" and covered "damages" for which Evanston owes indemnity.

## THE INSURER'S CLAIMS HANDLING

26. The NOK Insureds timely tendered the claim arising from the Underlying Action to the Insurer and requested coverage under the Policies. The U.S. Department of Justice ("DOJ") investigation preceding the Underlying Action was noticed to the Insurer on or about August 15, 2023.

27. All other terms, conditions, duties, and obligations necessary to establish coverage under the Policies were performed or otherwise satisfied or waived.

28. The Insurer took shifting and internally inconsistent coverage positions over a period of nearly three years. On or about March 5, 2024, Markel declined coverage under the Environmental Policy. On or about October 29, 2024, Markel reversed course as to the Management Liability Policy under the Regulatory Endorsement, confirming that the False Claims Act allegations triggered the D&O coverage part and the retaliation allegations triggered the Employment Practices coverage part. Markel thereafter acknowledged that coverage was implicated under the Professional Liability coverage

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 9 of 19

Case 3:26-cv-00291-ACP    Document 1    Filed 08/12/26    Page 9 of 19

part of the Environmental Policy, and reaffirmed its coverage positions in Supplemental Coverage Determinations dated October 13, 2025 and November 10, 2025).

29. The Insurer also took internally inconsistent allocation positions in its own coverage letters regarding the respective shares of the Environmental and Management Liability Policies.

30. Beginning in June 2026, and only in response to a request that it participate in mediation, the Insurer asserted for the first time that the Management Liability Policy was "eroded," exhausted, and "closed,"  a position inconsistent with its prior conduct and its own correspondence, in which it had never previously asserted exhaustion.

31. On or about July 24, 2026, Evanston, through outside coverage counsel, purported to disclaim any obligation to indemnify the NOK Insureds, relying principally on the "Knowingly Wrongful Acts" exclusion and the contention that the relief sought does not constitute covered "damages."

**THE SETTLEMENT AND EVANSTON'S REFUSAL TO INDEMNIFY**

32. The NOK Insureds made timely demand upon the Insurers to settle and thereby resolve all of the claims in the Underlying Action against the NOK Insureds.

33. Despite acknowledging the reasonableness of the settlement, the Insurer failed and refused to fund or contribute to a reasonable settlement of the Underlying Action within the applicable limits.

34. The NOK Insureds have reached, or are in the process of reaching, a settlement of the Underlying Action with the relators, contingent on approval by the DOJ.

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 10 of 19

Case 3:26-cv-00291-ACP     Document 1     Filed 08/12/26     Page 10 of 19

The settlement is a reasonable, arm's-length resolution of covered claims and allegations against the NOK Insureds.

35.     On or about August 7, 2026, Evanston agreed to pay the NOK Insureds' incurred defense fees and costs, within the limits of the Policies, but advised that it "will not be making any indemnity payments on behalf of the Insureds" and continues to disclaim its duty to indemnify the NOK Insureds for the settlement.

36.     Because Evanston has refused to indemnify the settlement, the NOK Insureds have been required to apply the reimbursed defense fees and costs, amounts the Insurer was obligated to pay and that otherwise would have remained available to the NOK Insureds, together with their own additional funds, to fund the settlement of the Underlying Action. The NOK Insureds have thereby incurred covered loss for which Evanston is obligated to indemnify them, in an amount no less than $5,000,000 or that amount to be proven at trial, up to the applicable limits of the Policies.

37.     Evanston's refusal to indemnify is contrary to the terms of the Policies, including the Professional Liability coverage part of the Environmental Policy and the D&O and Employment Practices coverage parts of the Management Liability Policy as modified by the Regulatory Endorsement. The settlement is a type of loss contemplated by, and covered under, the Policies, and no term, condition, exclusion, or limitation of the Policies relieves Evanston of its duty to indemnify.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract, Duty to Indemnify - Against Evanston)

COMPLAINT                                                                                           Page 11 of 19
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Case 3:26-cv-00291-ACP     Document 1     Filed 08/12/26     Page 11 of 19

38. The NOK Insureds re-allege and incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

39. The Policies are valid and enforceable contracts of insurance between Evanston and the NOK Insureds.

40. The NOK Insureds performed all of their obligations under the Policies, including the payment of all premiums and the satisfaction of all conditions precedent, or such conditions were waived or excused.

41. The Policies obligate Evanston to indemnify the NOK Insureds for covered loss in the Underlying Action, including the settlement of the Underlying Action, subject to the Policies' terms, conditions, and limits. The settlement resolves claims and allegations that fall within the Professional Liability coverage part of the Environmental Policy and the D&O and Employment coverage parts of the Management Liability Policy as modified by the Regulatory Endorsement and makes the NOK Insureds legally obligated to pay the settlement.

42. The Policies imposed on Evanston not only the duty to indemnify covered loss, but a series of related contractual obligations, including, among others: (a) the duty to conduct a reasonable and timely investigation of the claim; (b) the duty to give equal consideration to the interests of the NOK Insureds; (c) the duty to participate in, contribute to, and fund a reasonable settlement of the Underlying Action within the applicable limits when presented with a reasonable opportunity to do so; and (d) the duty to refrain from taking coverage positions without a reasonable basis.

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 12 of 19

Case 3:26-cv-00291-ACP   Document 1   Filed 08/12/26   Page 12 of 19

43. Evanston materially breached the Policies by refusing and disclaiming its duty to indemnify the NOK Insureds and by refusing to make any indemnity payment on their behalf in connection with the settlement of the Underlying Action, and by refusing to contribute to or actively engage in settlement efforts.

44. Evanston's breaches are not excused or justified by any term, condition, exclusion, or limitation of the Policies.

45. As a direct and proximate result of Evanston's breach of its duty to indemnify, the NOK Insureds have suffered damages in an amount to be proven at trial, including the amount of the covered loss and settlement, in an amount no less than $5,000,000, together with consequential damages and interest, up to the applicable limits of the Policies.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment, Duty to Indemnify- Against Evanston)

46. The NOK Insureds re-allege and incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

47. To the extent the settlement is conditioned on governmental approval, and to the extent the Insurer contends that such condition impacts in any way the NOK Insureds' entitlement to breach of damages at this time, an actual, present, and justiciable controversy exists between the NOK Insureds and Evanston concerning Evanston's duty to indemnify the NOK Insureds in the Underlying Action, including for the settlement.

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 13 of 19

Case 3:26-cv-00291-ACP    Document 1    Filed 08/12/26    Page 13 of 19

48. The controversy is ripe because the Underlying Action has been resolved, or is being resolved, by settlement, which fixes the principal amount of the NOK Insureds' covered loss. The NOK Insureds contend that Evanston owes a duty to indemnify them for that covered loss; Evanston contends otherwise.

49. Pursuant to 28 U.S.C. §§ 2201 and 2202, the NOK Insureds are entitled to a judicial declaration that:

   a. Evanston owes a duty to indemnify the NOK Insureds for covered loss in the Underlying Action, including the settlement, up to the applicable limits of the Policies;

   b. Evanston's disclaimer of its duty to indemnify was wrongful and ineffective to relieve it of its indemnity obligation; and

   c. the NOK Insureds are entitled to the full benefits of the Policies, including the Professional Liability coverage part of the Environmental Policy, the Directors and Officers and Employment Practices coverage parts of the Management Liability Policy (as modified by the Regulatory Endorsement), and the Commercial Excess Liability Policy.

50. A declaration is necessary and appropriate at this time to resolve the parties' dispute and to establish their respective rights and obligations under the Policies.

**THIRD CLAIM FOR RELIEF**

**(Bad Faith Breach of the Covenant of Good Faith and Fair Dealing - Against All Defendants)**

COMPLAINT
Page 14 of 19
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Case 3:26-cv-00291-ACP    Document 1    Filed 08/12/26    Page 14 of 19

51. The NOK Insureds re-allege and incorporate by reference each of the foregoing paragraphs as though fully set forth herein.

52. Under Alaska law, a fiduciary relationship is inherent in every contract of insurance and gives rise to an implied covenant of good faith and fair dealing, which obligates the insurer to act in good faith to protect the interests of its insured and to exercise good faith, ordinary care, reasonable diligence, and caution in the handling of claims.

53. In undertaking to handle, adjust, and control the NOK Insureds' claim under the Policies, including by reserving rights, directing the coverage evaluation, and controlling whether and how the Underlying Action would be settled, the Insurer stood in a fiduciary relationship to the NOK Insureds and owed them fiduciary duties in addition to its contractual duties.

54. The Insurer owed the NOK Insureds a duty of good faith and fair dealing in the handling of their claim under the Policies and settling the Underlying Action on behalf of the NOK Insureds pursuant to the terms of the Policies and applicable law.

55. Further, Markel, as the entity that administered and handled the claim on Evanston's behalf, independently owed and breached the duty of good faith and fair dealing.

56. The Insurer breached its duty to settle the Underlying Action by, among other things, putting the Insurer's respective interests ahead of those of its insureds, and

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 15 of 19

Case 3:26-cv-00291-ACP     Document 1     Filed 08/12/26     Page 15 of 19

refusing to fund or contribute to a reasonable settlement of the Underlying Action within the applicable limits when presented with a reasonable opportunity to do so.

57.     Under the Policies and applicable law, the Insurer was required to act in good faith in investigating the NOK Insureds' claim, in evaluating coverage, in attempting to settle the Underlying Action, and in funding a settlement within the applicable limits. The Insurer also owed the NOK Insureds legal and fiduciary duties, including, but not limited to, the following:

a.  To conduct a reasonable investigation based on all available information;

b.  To accurately represent facts and policy provisions in handling and resolving the claim;

c.  To act in good faith to promptly and equitably settle the NOK Insureds' claim once liability in the Underlying Action had become reasonably clear;

d.  To give equal consideration to the interests of the NOK Insureds and not to place the Insurer's own financial interests ahead of the interests of the NOK Insureds;

e.  To promptly provide a reasonable explanation of the basis in the Policies, in relation to the facts and applicable law, for its coverage positions and any denial;

f.  To participate in settlement discussions, mediations, and negotiations on behalf of the NOK Insureds in order to resolve the Underlying Action

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 16 of 19

Case 3:26-cv-00291-ACP     Document 1     Filed 08/12/26     Page 16 of 19

within the applicable limits when presented with a reasonable opportunity to do so; and

g.  To contribute to and fund a reasonable settlement of the Underlying Action within the applicable limits when presented with a reasonable opportunity to do so.

58.  The Insurer breached the covenant of good faith and fair dealing, without a reasonable basis and with knowledge of or reckless disregard for the lack of a reasonable basis, by, among other things:

a.  taking shifting, inconsistent, and contradictory coverage positions over a period of nearly three years;

b.  taking internally inconsistent allocation positions in its own coverage letters regarding the respective shares of the Environmental and Management Liability Policies;

c.  asserting, for the first time in June 2026 and only in response to a request that it participate in mediation, that the Management Liability Policy was "eroded," exhausted, and "closed," in a manner inconsistent with its prior conduct;

d.  purporting to disclaim its duty to indemnify without a reasonable basis;

e.  failing to conduct a reasonable, prompt, and thorough investigation before making and changing its coverage decisions;

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 17 of 19

Case 3:26-cv-00291-ACP    Document 1    Filed 08/12/26    Page 17 of 19

f. failing to give equal consideration to the interests of the NOK Insureds, and failing to contribute to, participate in, or fund a reasonable settlement of the Underlying Action within the applicable limits, notwithstanding its acknowledgment that the settlement was reasonable; and

g. compelling the NOK Insureds to institute this litigation to obtain the benefits owed under the Policies.

59. As a direct and proximate result of the Insurer's breach of the covenant of good faith and fair dealing, the NOK Insureds have suffered injuries and damages in an amount to be proven at trial, in excess of $5,000,000, including: (a) loss of the benefits due to them under the Policies; (b) non-economic damages; and (c) consequential economic damages, including any liability incurred in excess of the applicable policy limits as a result of the Insurer's unreasonable conduct.

60. The Insurer's conduct was outrageous, or was undertaken with malice or reckless indifference to the rights of the NOK Insureds.

## PRAYER FOR RELIEF

WHEREFORE, the NOK Insureds respectfully request that the Court enter judgment in their favor and against the Insurer as follows:

1. On the First Claim for Relief, for compensatory, consequential, and contract damages in an amount to be proven at trial, including the amount of the covered loss and settlement of the Underlying Action, up to the applicable limits of the Policies;

COMPLAINT
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Page 18 of 19

Case 3:26-cv-00291-ACP    Document 1    Filed 08/12/26    Page 18 of 19

2. On the Second Claim for Relief, for a declaratory judgment that Evanston owes a duty to indemnify the NOK Insureds for the covered loss, including the settlement, in the Underlying Action, up to the applicable limits of the Policies;

3. On the Third Claim for Relief, for compensatory, non-economic, and consequential damages in an amount to be proven at trial, and for punitive damages as permitted by law;

4. For pre-judgment interest under AS 09.30.070 and post-judgment interest as allowed by law;

5. For the NOK Insureds' reasonable attorneys' fees and costs incurred in this action, including under Alaska Rule of Civil Procedure 82 and any other applicable authority; and

6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The NOK Insureds hereby demand a trial by jury on all claims and issues so triable.

DATED this 11th day of August, 2026.

Davis Wright Tremaine LLP
Attorneys for Plaintiffs

By _____
Anne Marie Tavella, Alaska Bar No. 1506045
Matt Mues, (*pro hac vice forthcoming*)
Michael Farnell, (*pro hac vice forthcoming*)

COMPLAINT                                                                                                Page 19 of 19
*NATIVES OF KODIAK INC. et al., v. EVANSTON INSURANCE COMPANY et al.* Case No.
4936-8789-7284v.4 0054524-000025

Case 3:26-cv-00291-ACP    Document 1    Filed 08/12/26    Page 19 of 19